UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, Plaintiff, v. KARINA CHAIREZ, Defendant. | Case No. 1:20-cv-10582 (CM) |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/7/2022

### [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT KARINA CHAIREZ

This matter is before the Court on the Securities and Exchange Commission's ("SEC") Renewed Motion for Default Judgment Against Defendant Karina Chairez pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55(b)(2). On April 5, 2021, the Clerk of the Court previously entered a Certificate of Default against Chairez pursuant to Fed. R. Civ. P. 55(b)(1) (Dkt. No. 9). The Court has considered the SEC's Renewed Motion for Default Judgment, all supporting papers, any opposition thereto, and based on the evidence and authorities presented, the Court finds that Chairez violated Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C § 78o(a)], and finds good cause to GRANT the motion and to enter this final judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security, without being registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $75,981, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $9,619.94, for a total amount of $85,600.94. The Court finds that sending the disgorged funds to the United States Treasury, as ordered below, is consistent with equitable principles. The Court further imposes a civil penalty in the amount of $75,981 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy these obligations by paying $161,581.94 to the SEC within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Karina Chairez as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

2

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. If penalty is ordered: The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action.

Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: April 7, 2022

HON. COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

4