UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/2024

---

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

v.

KARINA CHAIREZ,

       Defendant.

Case No. 1:20-cv-10582 (CM)

---

# DECISION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE THE DEFAULT JUDGMENT

Copies mailed/faxed/handed to counsel on 11/20/2024

1

**McMahon, J.:**

Defendant Karina Chairez ("Chairez") has moved for Leave to Overturn Decision of July 11, 2022 For Lack of Notice of Civil Case or Any of the Pleadings Filed In This Case (the "Motion") (Dkt. No. 36). The Court construes this as a motion to vacate the default judgment made pursuant to Federal Rule of Civil Procedure 60(b)(4).

Chairez contends that the default should be vacated because she was never properly served in this case and had no notice of these proceedings until October 2024 — long after the default judgment issued back in 2022.

Plaintiff Securities and Exchange Commission (SEC) urges that Chairez's motion should be denied because she was properly served back in 2021 in accordance with Rule 4(e)(1) of the Federal Rules of Civil Procedure and Cal. Civ. Proc. Code § 415.20(b), and because Chairez does not provide specific facts that would rebut the statements made by the processor server to that effect in his affidavit of service. *Singh v. Meadow Hill Mobile Home, Inc.*, No. 20-CV-3853 (CS), 2023 U.S. Dist. LEXIS 103662, at *7 (S.D.N.Y. June 14, 2023) (internal citations omitted); *see also*, *United States v. Roman,* No. 98-CV-4953 JS ETB, 2008 U.S. Dist. LEXIS 73291, at *4 (E.D.N.Y. Sept. 22, 2008) ("In all challenges to the sufficiency of process, the burden of proof lies with the party raising the challenge......Any objections to the service of process must be specific and identify in what manner the utilized service of process of rules were not satisfied." (quoting *Callahan v. Consol. Edison Co. of New York, Inc.*, No. 00-CV-6542, 2001 U.S. Dist. LEXIS 12692, at * 8 (S.D.N.Y. Aug. 9, 2001))). Specifically, the Commission argues that Chairez fails to specify in what manner service upon her was insufficient, nor does she effectively dispute or disprove that the location at which process was left with an individual of suitable age and

2

discretion (her stepfather) was not in fact her usual place of abode.

The Commission also disputes Chairez's claim that she had no notice of this action until October 7, 2024, when she was served with the Commission's Order Requiring the Division of Enforcement to Serve Past Filings and Orders on Respondent at her Current Address, which is a federal correctional facility. (*see* Dkt. No. 36, Ex. 1). The SEC argues that Chairez was personally served with the SEC's Order Instituting Administrative Proceedings ("OIP") more than a year ago, at her sentencing hearing in *United States v. Karina Chairez*, 20-cr-398 (GBD) (S.D.N.Y.) ("parallel criminal case"). The OIP that Chairez was handed at that proceeding specifically referenced this civil action and the default judgment that had been entered against Chairez. Yet she took no action to vacate the default until October 17, 2024. (Dkt. No. 36)

Chairez has in fact not presented the court with anything — other than the conclusory statement that she lacked notice of this proceeding until last month, which assertion is patently false — that would call into question either (1) the sworn affidavit of the process server who left the Summons and Complaint with a person of suitable age and discretion at 1434 Coffee Road in Modesto, California; or (2) the massive amount of evidence indicating that 1434 Coffee Road was her usual place of abode in 2021, when service was effected.

Therefore, Chairez's motion to be relieved from the default judgment that this court entered on July 11, 2022 is DENIED.

I. **STATEMENT OF FACTS**

A. **Procedural History**

The SEC filed its Complaint in this matter on December 15, 2020. (Dkt. No. 1 (Complaint)). The same day, the SEC posted a publicly available litigation release on its website, as Litigation Release No. 24986, describing the Complaint against Chairez and

3

providing a link to the same. (Declaration of Manuel Vazquez In Support of Opposition to Motion to Vacate Default Judgment ("Vazquez Decl.") at ¶ 14, Ex. 6).

Cavalier Courier & Process Service ("CCPS") is under contract with the SEC to provide process service nationwide since September 2015. (Declaration of Timothy John Cahill, Jr. dated March 9, 2021 ("Cahill Decl.") at ¶ 1). On December 31, 2020, the SEC instructed CCPS to make service on Chairez in the instant matter, and provided the Coffee Road address. (*Id.*) The SEC had previously asked Ms. Chairez's attorney in a parallel criminal matter, Donald duBoulay, to accept service on behalf of his client, but Attorney duBoulay said he was not able to do so, as he did not represent her in connections with any civil matter.

The Commission had good reason to conclude that Chairez lived at the 1434 Coffee Road address. The SEC had received two tips — one on September 3, 2019, and another on September 15, 2020 — on official SEC forms, via the SEC's online Tips and Complaints system. These tips linked both Plaintiff and her daughter to 1434 Coffee Road in Modesto, California.

The first tip, relating to "manipulation of cryptocurrencies," came from someone named Xochitl Chairez, (Vazquez Decl. at ¶ 4, Ex. 1), who stated that her address was 1434 Coffee Road, Modesto, CA 95355. (Vazquez Decl. at Ex. 1, pg. 4–5). Xochitl Chairez gave her email address as karinachairez@gmail.com. (Vazquez Decl. at Ex. 1, pg. 5). On August 6, 2020, SEC staff obtained a Thomson Reuters CLEAR records report on Karina Chairez, which showed that she had used, among other names, the name Karina Xochitl Chairez. (Vazquez Decl. at ¶ 5). In connection with her sentencing in the parallel criminal matter (discussed below), Chairez boasted that she had given a tip to the SEC.

The second tip — filed only three months before the SEC commenced this action — was about a "fraudulent investment scheme." It came from a tipper named Yaretsi Beauchamp. (Vazquez Decl. at ¶ 7, Ex. 2). According to the sentencing memorandum submitted by Chairez in the parallel criminal case, Chairez's first child was a daughter named Yaretsi; her father is Michael Beauchamp. (Vazquez Decl. at ¶ 10, Ex. 5, at pg. 22). Karina Beauchamp is another name that Chairez used, according to the Thomson Reuters CLEAR report. (Vasquez Decl. at ¶ 5). On the tip form (Form TCR #804391), Yaretsi Beauchamp stated, under penalty of perjury, that her address was 1434 Coffee Road, Modesto, CA 95355. (Vazquez Decl. Ex. 2, pg. 7, 10).

In addition, an excel file produced by JP Morgan Chase during the investigation of this matter, shows that, on March 3, 2017, a wire transfer of $70,000 was sent by Yaretsi D. Beauchamp, using the Coffee Road address. (Vazquez Decl. at ¶ 18 Ex. 10).

Evidence from the parallel criminal investigation further confirmed the SEC's view that Plaintiff lived at the Coffee Road address.

On or about October 2019, in connection with the investigation in the parallel criminal case, Special Agent John Rodriguez with Homeland Security Investigations ("HSI") New York, Department of Homeland Security, received and reviewed subpoena returns seeking Chairez's bank records. (Declaration of John Rodriguez ("Rodriguez Decl.") at ¶¶ 1–4). Those subpoena returns indicated that Chairez's address was 1434 Coffee Road in Modesto. (*Id.*)

On or about August 4, 2020, HSI Stockton (California) surveilled 1434 Coffee Road. (*Id.* at ¶ 5). This surveillance indicated that a car registered to Chairez was located outside the Coffee Road address. (*Id.*)

On October 21, 2020, a superseding indictment charging Chairez was unsealed in

the parallel criminal case at Criminal Docket #33. (Vazquez Decl. at ¶ 8, Ex. 3). The superseder alleged that Chairez should be forfeit, inter alia, specific property, including: funds held in bank accounts in name of C. Beauchamp or Xochitl Karina Chairez and "[a]ll right, title, and interest of the defendant in the real property located at 1434 Coffee Rd. Modesto, CA 95355." (*Id.*, pg. 5). A bail disposition filed in the parallel criminal case on the same day limited Chairez's travel to the Eastern District of California, where 1434 Coffee Road, Modesto, California, is located. (Vazquez Decl. at ¶ 9, Ex. 4).

All of these connections understandably led the SEC to believe that Chairez lived at the Coffee Road address. So that is where the Commission told CCPS to serve her.

CCPS experienced unusual delays and difficulties for this service in January 2021. First, many process servers local to Modesto were isolated or quarantined for COVID-19. (*Id.* at ¶ 2). Second, it seemed possible that Chairez might not in fact live at that address. After repeated attempts to serve her at 1434 Coffee Road, CCPS made contact, on January 6, 2021, at 7:15 p.m., with a male who identified himself as Chairez's father. (*Id.* at ¶ 3). The man stated that Chairez did not live there and said that they were on bad terms. (*Id.*) He further claimed that he did not have contact with her, and that he did not know where she lived. (*Id.*)

In the face of the man's assertions, CCPS did not simply leave the summons and complaint at Coffee Road and take the position that it had effected service. Instead, the company searched social media, proprietary non-public databases, and other records to see if it could locate a more recent residential and/or business addresses for Chairez in the United States. (*Id.* at ¶ 4). The SEC provided also CCPS with a second address — 2821 Lou Ann Dr, Apt 210, Modesto, CA 95350 (*Id.* at ¶ 5) — and CCPS made more than a dozen service

6

attempts at that address, again without success. (*Id.*)[1] CCPS did its own investigation and uncovered information tending to show that Chairez did not live at the Lou Ann Road address. On January 26, 2021, at 2:54 p.m., a package was seen at the door of the Lou Ann Drive address; it was addressed to Alfredo Hernandez, not Chairez. (*Id.*) CCPS representatives also spoke to three residents of the gated complex at 2821 Lou Ann Drive; none of them recognized a photo of Chairez. (*Id.*)

On February 5, 2021, the SEC instructed CCPS to surveil the Coffee Road address for a few days. (*Id.* at ¶ 8). During surveillance on February 6, 2021, from 12–5 p.m., February 8, 2021, from 6–9 a.m., and February 8, 2021, from 4–7 p.m., CCPS only observed a male who matched the physical description of Chairez's stepfather at the residence. (*Id.*) There was no sighting of Chairez.

On February 11, 2021, the SEC asked Special Agent John Rodriguez what HSI's last known address was for Chairez. Rodriguez confirmed that it was 1434 Coffee Road in Modesto. (Id. at ¶ 6). The SEC communicated this to CCPS.

On February 26, 2021, CCPS left a copy of the Summons, Complaint, Civil Cover Sheet and Related Case Statement with a man named Pedro Esparza at 1434 Coffee Road in Modesto. Esparza is Chairez's stepfather.

CCPS also mailed copies of these documents to Chairez at the Coffee Road address on March 3, 2021. Nothing in the record indicates that the mailed copies were returned to sender.

On March 15, 2021, the SEC filed its Proof of Service of Summons, Complaint, Civil

---

[1] Service attempts were made at various dates and times including the following: 1/26/2021 at 2:54 p.m., 1/27/2021 at 5:50 p.m., 1/28/2021 at 7:25 a.m., 1/29/2021 at 7:40 p.m., 1/30/2021 at 1:54 p.m., 1/31/2021 at 5:15 p.m., 2/3/2021 at 7:45 a.m., 2/4/2021 at 6:10 p.m., 2/5/2021 at 3:50 p.m., 2/6/2021 at 10:45 a.m., 2/7/2021 at 6:10 p.m., and 2/8/2021 at 8:05 p.m. (*Id.*)

Cover Sheet, and Related Case Statement. (Dkt. No. 6). In the Proof of Service, the process server attested that, pursuant to Federal Rule of Civil Procedure 4(e)(1) and Cal. Civ. Proc. Code § 415.20(b), on February 26, 2021, he had served the Summons and Complaint, Civil Cover Sheet, and Related Case Statement on Pedro Chairez, who was identified as the father and co-resident of Karina Chairez at 1434 Coffee Road, Modesto, CA 95355. The process server indicated, on information and belief, that he understood the Coffee Road address to be Chairez's usual place of abode. *Id.*

Chairez did not answer or otherwise respond to the Complaint.

On April 5, 2021, the SEC requested an Entry of Default as to Chairez. (Dkt. No. 8-1). The same day a Clerk's Certificate of Default was issued as to Chairez. (Dkt. No. 9). On July 21, 2021, the SEC moved for default judgment against Chairez. (Dkt. No. 16).

On September 10, 2021, the Court issued Instructions to the SEC in Relation to Motion For Default Judgment. (Dkt. No. 19). This Court requires special procedures before it will enter a default judgment; the SEC had apparently not read my Individual Rules, since it did not follow those procedures. In the instructions, the Court advised the Commission to ensure that the notice of motion of default set out in large type the consequences for failing to appear and respond to the motion, and to serve the motion in the same manner as service of a summons. In addition, the Court, noting that substituted service had been used, expressed concern that the address for Chairez on the summons was different than the address where the papers had been delivered to Pedro Chairez. (*Id.*)

On September 30, 2021, the SEC contacted Chairez's new criminal attorney, Sean M. Maher, asking to discuss the SEC's civil matter. (Vazquez Decl. at ¶ 17, Ex. 9). On October 4, 2021, Mr. Maher declined, stating that he did not represent Chairez in the civil matter.

8

(*Id.*)

So, on January 20, 2022, the Commission filed a renewed motion for default judgment (the "Renewed Motion"), (Dkt. No. 21), in conformity with the court's instructions. The court granted the motion on April 7, 2022 (Dkt. No. 27 (the "Default Judgment")).

In the Default Judgment, the Court ordered permanent injunctive relief against Chairez for violations of the broker-dealer registration provisions of the federal securities laws, disgorgement with prejudgment interest and a civil monetary penalty. (Default Judgment). Although the Complaint sought a conduct-based injunction ("CBI") against Chairez, (Dkt. No. 1 at 11), the SEC inadvertently omitted the CBI in the Renewed Motion's request for relief, so the CBI was not included in the original Default Judgment. The SEC subsequently sought an amended Default Judgment (Dkt. #30), which was granted. (Dkt. No. 35).

On October 7, 2024, the Commission served Chairez with its Notice of Motion for Entry of Default and Remedial Sanctions in relation to Administrative Proceeding File No. 3-21011. (Dkt. No. 36) at her new address: Victorville Camp FCI Med,. I, PO Box 5300, Adelanto, CA 92301, where she is presently serving a sentence following her conviction by plea for Conspiracy to Commit Wire Fraud pursuant to 18 U.S.C. § 1349 and Conspiracy to Commit Money Laundering pursuant to 18 U.S.C. § 1956(h). (*United States v. Chairez*, No. 20-CR-00398, Dkt. No. 268). Within weeks, Chairez filed her motion seeking vacatur of the default judgment. (Dkt. No. 36).

**II.    ARGUMENT**

Under Rule 55(c), a party may move to set aside an entry of default for good cause or to set aside a default judgment in accordance with Rule 60(b). Fed. R. Civ. P. 55(c). It appears

9

that Chairez is seeking to set aside the default against her for lack of notice. A party may seek relief under Rule 60(b)(4) if the judgment is void. Fed. R. Civ. P. 60(b)(4). A judgment is void if the court never acquired personal jurisdiction over the defendant due to a defect in service. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008). Here, there was no defect in service, as service was effected in conformity with the Federal Rules of Civil Procedure and California law; the Coffee Road address was a valid address for service of process on Chairez; and Chairez has failed to demonstrate otherwise.

### A.     Chairez Has Failed to Prove That Service Was Defective

"In all challenges to the sufficiency of process, the burden of proof lies with the party raising the challenge…. Any objections to the service of process must be specific and identify in what manner the utilized service of process rules were not satisfied. (internal quotation marks and citations omitted). Once this burden has been met by Defendant, the burden shifts to Plaintiff to show "effectiveness of service." *Id. Callahan v. Consol. Edison Co. of New York, Inc.*, 2001 U.S. Dist. LEXIS 12692, at *8

While Chairez argues in the most conclusory terms that she never received "notice of this civil case" (Dkt. No. 36), she fails to explain the specific manner in which service was insufficient. This means Chairez has failed to meet her burden of coming forward with a *prima facie* case of failure to serve, and so has not met her initial burden under Federal Rule of Civil Procedure 60(b)(4) to raise a *prima facie* case of failure to serve.

In *United States v. Roman*, No. 98-CV-4953 JS ETB, 2008 U.S Dist. LEXIS 73291, at *4 WL, the court found that a pro se defendant like Chairez failed to meet this burden because his motion did not "indicate in what manner service was deficient or any details surrounding his contention that service was somehow insufficient[.]" The *Roman* court went

10

on to emphasize that, by filing an affidavit of service, the government "had provided sufficient evidence to show effectiveness of service." *Id.* (citing *Polygram Merchandising, Inc.v. New York Wholesale Co.*, 2000 U.S. Dist. LEXIS 166, 2000 WL 23287, at *2 (S.D.N.Y. Jan.13, 2000) ("An affidavit of service constitutes prima facie evidence of effective service.")); *see also Singh v. Meadow Hill Mobile Home, Inc.*, 2023 U.S. Dist. LEXIS 103662, at *7). That being so, it is up to the party contesting service — here, Chairez — to explain why the affidavit is wrong.

But Chairez nowhere explains in what way service on her was insufficient. She merely states, "I never received notice of this civil case until I was served document 'Division of Enforcement's Motion for Entry of Default and Remedial Sanctions.'" (Dkt. No. 36). Significantly, Chairez does not state that the Coffee Road address was not her usual place of abode in 2021, when the Summons and Complaint and other documents were left there with her step-father. Nor does she provide any evidence tending to show that she was living at some other address at that time.

Chairez's failure to provide any such evidence means she fails to rebut the SEC's extensive evidence that her usual place of abode in the first quarter of 2021 was 1434 Coffee Road in Modesto, California. That evidence is described in great detail at pages 4 through 7 above. Chairez offers not a scintilla of evidence to rebut any of this proof, which, taken together, gave the SEC good reason to have its process server aver, on information and belief, that the Coffee Road house was where Chairez lived.

Under California authority, "[t]he terms 'dwelling house' and 'usual place of abode' take their meaning from the Federal Rules." *Long v. McAfee*, No. 19 CV 00898 DAD SAB, 2019 WL 5536228, at *4 (E.D. Cal. Oct. 25, 2019) (citing Judicial Council Comment to Cal.

11

Civ. Proc. Code § 415.20(b)). What is a particular place is a person's "usual place of abode" is a question of fact. *Cowherd v. Rubi*, No. 07-2558-JWL, 2008 WL 941632, at *1 (D. Kan. Apr. 7, 2008). Moreover, the cases construe the term "usual place of abode" broadly. *Id.* at 1217. For example, in *Rosa v. Cantrell*, 705 F.2d 1208, 1214 (10th Cir. 1982), the court found that where a defendant's wife and children continue to live at a property and the defendant communicates with them there, that place may be deemed his usual place of abode, even after he has left it. *Id.* at 1214 ("presence of family ... certainly carries a good deal of weight"). Similarly, in *Cowherd v. Rubi*, No. 07-2558-JWL, 2008 U.S. Dist. LEXIS 28349, at *10 (D. Kan. Apr. 7, 2008), the court found that service was appropriate at an address due to the defendant's close family ties to the address, including the fact that the defendant's wife and son resided at the address, because "the usual place of abode must be taken to mean the center of one's domestic activity such that service with a family member is reasonably calculated to come to one's attention within the statutory period for a defendant to appear."

Service at a dwelling house or place of abode is allowed "based on the assumption that these are usually not quickly or easily moved. Therefore, even though a defendant may avoid the process server in person, some other responsible person in the house can receive the papers." *Cox v. Quigley*, 141 F.R.D. 222, 225 (D. Me. 1992) (recognizing that persons may have two or more places of abode). Moreover, "A person in the process of moving may be served at his former address, where members of his family still reside, until he establishes a new abode elsewhere." *Rosa v. Cantrell*, 705 F.2d 1208, 1214 (10th Cir. 1982) (Federal Procedure Lawyers' Edition § 65:68, and paragraph 65:69, Abode Service).

Here, the substantial evidence cited above supports the inference that Chairez and her close family members were residing at the Coffee Road address when service was made back

in 2021. Although all of the evidence is convincing, most significant is the fact that it is the address that is mentioned in connection with her indictment, which occurred shortly before this action was commenced. Defendant has given the court no basis to conclude otherwise.

In fact, long after the default judgment was entered, Chairez effectively confirmed key aspects of the SEC's proof of her usual place of abode. In her September 25, 2023 sentencing memorandum, filed in the parallel criminal action against her. (Vazquez Decl at ¶ 10, Ex. 5, page 3), Chairez described her loving relationship with her stepfather, Pedro Esparza, and explained that she had built a life for herself in Modesto, California, where Esparza and Chairez's mother had settled. (*Id.* at 4–5.)[2]  Chairez also boasted in the sentencing memorandum that she had "filed a complaint with the SEC to report the fraud," (*Id.* at 9) — a complaint in which, as explained above, she gave her address as 1434 Coffee Road, Modesto, California.

Chairez's claim that she did not receive notice of this action until October 7, 2024, is suspect for another reason. Chairez told this court that she was unaware of the pendency of this action until she was served with the SEC's motion for default in a follow-on administrative proceeding upon her arrival at the Federal Correctional Facility where she is presently incarcerated. (Dkt. No. 36). But that statement is demonstrably false. The SEC served Chairez with the OIP in the follow-on administrative proceeding on October 3, 2023, at her sentencing before my colleague, The Hon. George Daniels. (Vazquez Decl. at ¶ 19, Ex. 11). The OIP explicitly references this District Court action against her, both by name and by describing the case. (*Id.* at Ex. 11, p. 2). Even if Chairez was unaware of the lawsuit prior to that date — and I emphasize that I have every reason to believe that she *was* aware of it — she cannot avoid the

---

[2] This of course appears to contradict Esparza's statement to the process server that he was estranged from Chairez—though I note the temporal disparity between these two statements.

fact that she was served in court with an official document that disclosed the existence of the default judgment more than a year before she filed her "motion" to vacate it.

For these reasons, I conclude that Chairez has failed to demonstrate that she was not properly served with the summons and complaint in this action, or that she was unaware of the pendency of this action between March 2021 and April 2022, when the default judgment was entered. As the SEC points out in its brief (see pages 17-19), service was properly effected under Fed. R. Civ. P. 4(e)(2)(B) and California Code of Civil Procedure § 415.20(b). Therefore, there is absolutely no basis upon which to vacate the default judgment.

## CONCLUSION

For the reasons above, the Defendant's motion to vacate the default judgment in this action is DENIED. The Clerk is directed to remove the motion at Docket Number 36 from the court's list of open motions.

This constitutes the decision and order of the court. It is a written opinion.

November 20, 2024

_____
U.S.D.J.

BY ECF TO ALL COUNSEL
BY FIRST CLASS MAIL TO DEFENDANT AT
    Katrina Chairez, Defendant Pro Se #79242-097
    Victorville Camp FCI Med, I
    PO Box 5300
    Adelanto, CA 92301